FILED

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

AOL LLC and PLATFORM-A, INC.,

Plaintiffs,

v.

ADVERTISE.COM, INC. f/k/a INTERNEXT
MEDIA CORP.,

Defendant.

CASE NO. 1:09CV910-LMB/TCB

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF

Plaintiffs, AOL LLC ("AOL") and Platform-A, Inc. ("Platform-A") (together with their predecessors, "Plaintiffs") for their Complaint against defendant, Advertise.com, Inc. f/k/a Internext Media Corp., ("Advertise.com") state and allege as follows:

### NATURE OF THE ACTION

1.     This is an action for trademark infringement and unfair competition under federal law and the common law of the Commonwealth of Virginia which Plaintiffs bring to protect some of their most valuable assets, namely, the goodwill and consumer recognition associated with the federally-registered ADVERTISING.COM name and marks and the AD.COM name and mark.  For many years, Plaintiffs and their predecessors have continuously used and extensively promoted the ADVERTISING.COM and AD.COM names and marks in connection with the provision of a variety of services.  As described more fully below, without Plaintiffs' authorization or consent, and with knowledge of Plaintiffs' prior rights in its federally-registered ADVERTISING.COM marks and its AD.COM mark, Advertise.com recently commenced use of the virtually identical and confusingly similar designation ADVERTISE.COM and design in connection with the same and complimentary services as those offered by Plaintiffs under their

federally-registered ADVERTISING.COM name and marks and their AD.COM name and marks. Through its conduct, Advertise.com has created circumstances whereby members of the public and members of the relevant trade are likely to be led to incorrectly believe that Advertise.com and its services are authorized by, sponsored by, or affiliated with Plaintiffs, their well-known ADVERTISING.COM and AD.COM marks and the services provided thereunder. Plaintiffs accordingly bring this action in order to protect their valuable federally-registered marks and to halt the damages and irreparable harm they have suffered and will continue to suffer as a result of Advertise.com's actions.

## IDENTIFICATION OF PARTIES

2.     AOL is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 22000 AOL Way, Dulles, Virginia, 20166.

3.     Platform-A is a corporation organized and existing under the laws of the State of Maryland with a place of business at 22000 AOL Way, Dulles, Virginia, 20166. Platform-A was known as Advertising.com, Inc. until April 30, 2008 when Advertising.com, Inc. changed its corporate name to Platform-A. Platform-A is a wholly-owned subsidiary of AOL.

4.     Upon information and belief, Advertise.com is a corporation organized and existing under the laws of the State of California with its principal place of business at 15303 Ventura Blvd., Suite 220, Sherman Oaks, California 91403. Upon information and belief, until on or about January 7, 2009, Advertise.com was known as Internext Media Corporation d/b/a ABCSearch.

## JURISDICTION AND VENUE

5.     This is an action arising in part under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and under the common law of the Commonwealth of Virginia.

6.     This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) in that it involves an action arising under the Lanham Act. This Court also has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) in that the matter in controversy exceeds the sum of $75,000 and is between citizens of different states. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over Plaintiffs' claims that arise under the laws of the Commonwealth of Virginia.

7.     Upon information and belief, Advertise.com is subject to personal jurisdiction in the Commonwealth of Virginia because the unlawful conduct complained of herein causes injury, in part, in this judicial district, Advertise.com transacts business in this judicial district, and Advertise.com derives substantial revenue from its provision of services within the Commonwealth. For example, upon information and belief, Advertise.com has transacted business with Monstercommerce, a Herndon, Virginia-based company.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that, upon information and belief, a substantial part of the events giving rise to this complaint occurred in this judicial district.

## COMMON ALLEGATIONS

### (Plaintiffs' Business and ADVERTISING.COM and AD.COM Names and Marks)

9.     AOL is a leading global ad-supported web company, with a comprehensive display advertising network in the U.S., a suite of popular web brands and products, and a

3

leading social media network. Each month of the quarter ending March 31, 2009, the AOL network of web properties had an average of 106 million unique visitors, with an average of 181 monthly page views per unique visitor to the AOL network of web properties. Also during the quarter ending March 31, 2009, there were 58 billion domestic page views for the AOL network of web properties.

10.    AOL owns the largest digital advertising platform in the U.S., offering a comprehensive suite of marketing solutions, powered by some of the Web's best technologies and marketed under the ADVERTISING.COM and AD.COM marks. During the first quarter of 2009, the AOL network reached more than 90% of domestic online consumers.

11.    Since long before Advertise.com began its infringement, Plaintiffs and their predecessors have continuously used the ADVERTISING.COM name and marks in connection with a wide variety of services, including without limitation advertising, marketing and promotional services such as the placement and dissemination of advertising for others, marketing campaign management services, marketing research and consulting services, managing advertising space for web publishers, and business services in the nature of matching marketers with web publishers.    The services provided in connection with the ADVERTISING.COM name and marks have generated hundreds of millions of dollars of revenue over the past nine years.

12.    Since long before Advertise.com began its infringement, Plaintiffs and their predecessors have continuously used the AD.COM name and marks in connection with a variety of services, including without limitation advertising, marketing and promotional services, namely, placement and dissemination of advertising for others.    The services provided in

4

connection with the AD.COM name and marks have also generated millions of dollars of revenue.

13.     In addition, for many years before Advertise.com began its infringement, Plaintiffs and their predecessors have invested enormous time, effort and resources promoting their Services (as defined in paragraph 16 below) under and in connection with the ADVERTISING.COM and AD.COM names and marks. In fact, over the past nine years, Plaintiffs and their predecessors have spent many millions of dollars promoting their ADVERTISING.COM and AD.COM name and marks and the Services provided in connection therewith via numerous channels, both online and via more traditional media.

14.     As a result of Plaintiffs' and their predecessors' extensive use and promotion of the ADVERTISING.COM and AD.COM names and marks in interstate commerce in connection with the provision of their Services, the ADVERTISING.COM and AD.COM names and marks developed considerable recognition and became and remain known and recognized by the public and members of the relevant trade as identifying and distinguishing Plaintiffs and their Services, long before Advertise.com began its infringement. The ADVERTISING.COM and AD.COM names and marks thus have acquired distinctiveness and secondary meaning signifying Plaintiffs. Plaintiffs and their predecessors have worked diligently to establish—and Plaintiffs now own— considerable and valuable goodwill in the ADVERTISING.COM and AD.COM names and marks.

15.     As a result of Plaintiffs' and their predecessors' use and extensive promotion of the ADVERTISING.COM and AD.COM names and marks in connection with their Services, the ADVERTISING.COM and AD.COM names and marks have become well-known and recognized by the public and members of the relevant trade as identifying and distinguishing

Plaintiffs' Services. This consumer goodwill and recognition constitutes some of Plaintiff's most valuable assets. Accordingly, the integrity of Plaintiffs' ADVERTISING.COM and AD.COM names and marks is extremely valuable to Plaintiffs, and crucial to the continued vitality and growth of Plaintiffs' business.

16.     To further protect their significant rights, Plaintiffs own and maintain several federal registrations for the ADVERTISING.COM name and marks, and a federal application for the AD.COM name and mark, namely:

| Mark | Registration / Application No. |
|------|-------------------------------|
| **Advertising•com** | 3,508,629 |
| Advertising.com | 2,577,256 |
| Advertising.com | 2,914,052 |
| AD.COM | 77/578,055 |

Copies of the registration certificates for the foregoing registrations and the application for the AD.COM mark are attached collectively as Exhibit 1. (The ADVERTISING.COM and AD.COM names and marks, as well as the marks covered by the foregoing registrations and application, are referred to respectively hereinafter as the "ADVERTISING.COM Marks" and the "AD.COM Mark," and are referred to collectively as the "ADVERTISING.COM and AD.COM Marks." The services identified in the foregoing registrations and application are collectively referred to as the "Services.")

17.     At least one of Plaintiffs' federal registrations for the ADVERTISING.COM Marks, namely, Registration No. 2,577,256, is now incontestable pursuant to 15 U.S.C. § 1065.

6

18.     Plaintiffs own the <advertising.com> domain name and use the corresponding website as one of the means to promote the ADVERTISING.COM and AD.COM Marks and the Services provided thereunder. A print out of one of the pages of Plaintiffs' website promoting the Services provided under the ADVERTISING.COM and AD.COM Marks is attached hereto as Exhibit 2.

## (Advertise.com's Business and Wrongful Conduct)

19.     Plaintiffs recently learned that Advertise.com has commenced the unauthorized use of the confusingly similar ADVERTISE.COM name and designation (the "ADVERTISE.COM Designation") in connection with the provision of services that are identical and complimentary to the Services offered by Plaintiffs under their ADVERTISING.COM and AD.COM Marks. This unauthorized use began long after Plaintiffs and their predecessors had begun to use and extensively promote the ADVERTISING.COM and AD.COM Marks in connection with the Services, after such marks acquired a further distinctiveness signifying Plaintiffs, after Plaintiffs obtained federal registrations covering the ADVERTISING.COM Marks for use in connection with the Services, and after Plaintiffs filed their application to federally register the AD.COM Mark.

20.     Advertise.com's stylized presentation of the ADVERTISE.COM designation (set forth below at the left) is virtually identical and confusingly similar to Plaintiffs' federally-registered stylized presentation of the ADVERTISING.COM Marks (set forth below at the right):



21.     Upon information and belief, Advertise.com asserts trademark rights in the ADVERTISE.COM Designation in connection with its services.

22.     Advertise.com's website purports that Advertise.com is a "platform for search and display marketing" that offers "a range of high-quality pay-per-click advertising, contextual targeting, and banner ad opportunities" in connection with the ADVERTISE.COM Designation. Upon information and belief, until on or about January 7, 2009, Advertise.com was incorporated in California as Internext Media Corp., and operated its business under the assumed name ABCSearch.

23.     Upon information and belief, in early 2009 Advertise.com's predecessor purchased the domain name <advertise.com> from a third party, and shortly thereafter amended its articles of incorporation to change its corporate name to "Advertise.com, Inc." In late April 2009, Advertise.com issued a press release announcing that ABCSearch was rebranding itself and its services under the ADVERTISE.COM name and designation. A copy of the April 21, 2009 press release is attached as Exhibit 3.

24.     On or about March 24, 2009, Advertise.com filed an application to federally register the ADVERTISE.COM Designation in connection with "[a]dvertising and commercial information services via electronic media and the internet; [d]issemination of advertising for others via the internet; [p]roviding online business management services and advice including accounting, marketing, strategy, consulting, analytics, business project management, and business development," namely, U.S. Serial No. 77/697.411. On or about June 21, 2009, the U.S. Patent and Trademark Office issued an office action refusing to register the ADVERTISE.COM Designation mark in part "because it is likely to cause confusion with" Plaintiffs' federally-registered ADVERTISING.COM Marks. The same office action also noted that Plaintiffs' pending application to register the AD.COM Mark may pose an additional impediment to registration of the ADVERTISE.COM Designation.

25.     Upon information and belief, the number of unique visitors to the website Advertise.com maintains at <advertise.com> jumped from 753 in February (before Advertise.com issued its press release) to 23,249 unique visitors the month after Advertise.com issued its press release.

26.     Advertise.com had constructive knowledge of Plaintiffs' rights in the ADVERTISING.COM Marks pursuant to 15 U.S.C. § 1072 when it acquired the <advertise.com> domain name and commenced use of the ADVERTISE.COM Designation. Furthermore, upon information and belief, Advertise.com had actual knowledge of Plaintiffs' prior rights in the ADVERTISING.COM and AD.COM Marks when it adopted the ADVERTISE.COM Designation in connection with services that are the same as and complimentary to the Services Plaintiffs and their predecessors have promoted and provided for years under the AD.COM Mark and under their federally-registered ADVERTISING.COM Marks, respectively.

27.     Advertise.com's unauthorized use of the ADVERTISE.COM designation with services that are substantially identical and complimentary to those offered by Plaintiffs under the ADVERTISE.COM and AD.COM Marks is likely to confuse, to cause mistake or to deceive in that members of the public and the relevant trade are likely to believe that Plaintiffs are the source of, have endorsed or approved, or are somehow otherwise legitimately associated with Advertise.com and its services, thereby injuring Plaintiffs' business and goodwill.  Indeed, Advertise.com's unauthorized use of the ADVERTISE.COM designation has already caused such confusion.

## FIRST CLAIM FOR RELIEF

## FEDERAL TRADEMARK INFRINGEMENT

## (15 U.S.C. §1114)

28.     As a separate cause of action and ground for relief, Plaintiffs allege that Advertise.com has and is engaged in acts of trademark infringement within the meaning of Section 32(1) of the Trademark Act of 1946, 15 U.S.C. § 1114(1).  Paragraphs 1 through 27 of this Complaint are incorporated by reference as a part of this count.

29.     Advertise.com had constructive knowledge of Plaintiffs' ownership of and rights in the federally-registered ADVERTISING.COM Marks pursuant to 15 U.S.C. § 1072 prior to Advertise.com's unauthorized use of a designation confusingly similar to Plaintiffs' registered marks.  Furthermore, upon information and belief, Advertise.com had actual knowledge of Plaintiffs' ownership of and rights in the federally-registered ADVERTISING.COM Marks prior to Advertise.com's unauthorized conduct complained of herein.

30.     Upon information and belief, Advertise.com has deliberately and willfully used the ADVERTISE.COM Designation in connection with the same and complimentary services with which Plaintiffs use the ADVERTISING.COM Marks in an attempt to trade upon the enormous goodwill, reputation and selling power established by Plaintiffs under the ADVERTISING.COM Marks, and to pass their services off as Plaintiffs' services.

31.     Plaintiffs have not consented to Advertise.com's use of the ADVERTISE.COM Designation in connection with the promotion of Advertise.com's business and the provision of its services.

32.     Advertise.com's unauthorized use of the ADVERTISE.COM Designation in connection with Advertise.com's promotion and provision of its services is causing, and is likely

10

to cause in the future, confusion, mistake or deception as to the affiliation, connection or association of Advertise.com with Plaintiffs and its services in violation of 15 U.S.C. § 1114.

33.     Upon information and belief, the intentional nature of the aforementioned acts renders this an exceptional case under 15 U.S.C. § 1117(a).

34.     As a result of Advertise.com's conduct, Plaintiffs have suffered substantial damage and irreparable harm constituting an injury for which Plaintiffs have no adequate remedy at law.  Unless this Court enjoins Advertise.com's conduct, Plaintiffs will continue to suffer irreparable harm.  Plaintiffs also are entitled to recover damages from Advertise.com in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

### FEDERAL UNFAIR COMPETITION

### (15 U.S.C. §1125(A))

35.     As a separate cause of action and ground for relief, Plaintiffs allege that Advertise.com has and is engaged in acts constituting unfair competition within the meaning of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a).  Paragraphs 1 through 34 of this Complaint are incorporated by reference as a part of this count.

36.     Upon information and belief, Advertise.com has deliberately and willfully used the ADVERTISE.COM Designation in an attempt to trade upon the enormous goodwill, reputation and selling power developed by Plaintiffs in connection with the Services and the ADVERTISING.COM and AD.COM Marks, as well as in order to confuse consumers as to the origin and sponsorship of Advertise.com's services.

37.     Advertise.com's unauthorized and tortious conduct also has deprived Plaintiffs of the ability to control the consumer perception of the Services marketed and provided under the

ADVERTISING.COM and AD.COM Marks, placing the valuable reputation and goodwill of Plaintiffs in the hands of Advertise.com, over whom Plaintiffs have no control.

38.     Advertise.com's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or approval of Advertise.com and its services in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

39.     Upon information and belief, the intentional nature of the aforementioned acts renders this an exceptional case under 15 U.S.C. § 1117(a).

40.     As a result of Advertise.com's conduct, Plaintiffs have suffered substantial damage and irreparable harm constituting an injury for which Plaintiffs have no adequate remedy at law.  Unless this Court enjoins Advertise.com's conduct, Plaintiffs will continue to suffer irreparable harm.  Plaintiffs also are entitled to recover damages from Advertise.com in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

## COMMON LAW TRADEMARK INFRINGEMENT UNDER VIRGINIA LAW

41.     As a separate cause of action and ground for relief, Plaintiffs allege that Advertise.com has and is engaged in acts of trademark infringement under the common law of the Commonwealth of Virginia.  Paragraphs 1 through 40 of this Complaint are incorporated by reference as a part of this count.

42.     Plaintiffs own valid common law rights in the well-known ADVERTISING.COM and AD.COM Marks in connection with the Services.  Plaintiffs and their predecessors have used the ADVERTISING.COM and AD.COM Marks continuously in connection with the provision of the Services for years before Advertise.com began using the ADVERTISE.COM Designation in connection with its services.  Beginning before that time and continuing to the

present, Plaintiffs and their predecessors have expended substantial effort and resources in promoting the ADVERTISING.COM and AD.COM Marks, thereby generating valuable goodwill in those marks.

43.     Long after Plaintiffs and their predecessors' adoption and first use of the ADVERTISING.COM and AD.COM Marks with the Services, and after such marks had acquired a further distinctiveness signifying Plaintiffs, Advertise.com began using a confusingly similar designation in connection with the promotion and provision of services that are identical and complimentary to the Services offered by Plaintiffs under the ADVERTISING.COM and AD.COM Marks without Plaintiffs' authorization.     Upon information and belief, Advertise.com's conduct was undertaken in order to trade upon the enormous goodwill and reputation established by Plaintiffs and their predecessors under the ADVERTISING.COM and AD.COM Marks.

44.     Advertise.com's acts are likely to cause confusion, mistake and deception for consumers as to the affiliation, connection or association of Advertise.com with Plaintiffs, and as to the origin, sponsorship or approval of Advertise.com's services, and constitutes willful and deliberate infringement of Plaintiffs' ADVERTISING.COM and AD.COM Marks in violation of the common law of the Commonwealth of Virginia.

45.     As a result of Advertise.com's conduct, Plaintiffs have suffered substantial damage and irreparable harm constituting an injury for which Plaintiffs have no adequate remedy at law.   Unless this Court enjoins Advertise.com's conduct, Plaintiffs will continue to suffer irreparable harm.   Plaintiffs also are entitled to recover damages from Advertise.com in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

## UNFAIR COMPETITION UNDER VIRGINIA LAW

46.     As a separate cause of action and ground for relief, Plaintiffs allege that Advertise.com has and is engaged in acts of unfair competition under the common law of the Commonwealth of Virginia.  Paragraphs 1 through 45 of this Complaint are incorporated by reference as a part of this count.

47.     Advertise.com has used and is using the ADVERTISE.COM Designation in connection with its services without Plaintiffs' authorization, and in a manner that is likely to cause confusion, mistake and deception for consumers as to the affiliation, connection or association of Advertise.com with Plaintiffs, and as to the origin, sponsorship or approval of Advertise.com's services.  Advertise.com's actions have damaged Plaintiffs and their business, and upon information and belief, Advertise.com has profited, and is profiting, by such unfair conduct.

48.     Advertise.com's wrongful conduct constitutes deliberate unfair competition in violation of the common law of the Commonwealth of Virginia.

49.     As a result of Advertise.com's conduct, Plaintiffs have suffered substantial damage and irreparable harm constituting an injury for which Plaintiffs have no adequate remedy at law.  Unless this Court enjoins Advertise.com's conduct, Plaintiffs will continue to suffer irreparable harm.  Plaintiffs also are entitled to recover damages from Advertise.com in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, as to all Counts of this Complaint, Plaintiffs request that this Court enter a judgment and declaration in favor of Plaintiffs and against Advertise.com as follows:

14

A.      Preliminarily and permanently enjoining and restraining Advertise.com, all entities under its control, as well as its parents, subsidiaries, licensees, owners, directors, officers, partners, assigns, related entities, predecessors, successors, employees, representatives, trustees, receivers, agents, and any other persons or entities acting on behalf of Advertise.com or with Advertise.com's authority, from:

(1)     using, selling, offering for sale, holding for sale, advertising or promoting any goods or services under or in connection with any trade name, trademark, service mark, Internet domain name or other designation of origin that is comprised in whole or in part of the ADVERTISE.COM Designation, the ADVERTISING.COM and AD.COM Marks, or any terms, designs or styles confusingly similar thereto; or

(2)     doing any act or thing that is likely to induce the belief that Advertise.com's services, or activities are in some way connected with Plaintiffs and/or Plaintiffs' business, or that is likely to injure or damage Plaintiffs or their ADVERTISING.COM and AD.COM Marks; and

B.      Ordering Advertise.com to:

(1)     pay Plaintiffs the compensatory damages sustained by Plaintiffs as a result of the unlawful acts alleged herein and that such damages be trebled pursuant to 15 U.S.C. § 1117 because of the willful and unlawful acts alleged herein;

(2)     pay Plaintiffs punitive damages as a consequence of the willful and wanton acts alleged herein;

(3)     account for and pay over to Plaintiffs all gains, profits and advantages derived but it from the unlawful acts alleged herein and/or as a result of unjust enrichment;

15

(4)  deliver up for destruction all materials that bear the infringing ADVERTISE.COM Designation, including without limitation all letterhead, signage, brochures, labels, stickers, trade show displays and materials, written materials and other promotional materials;

(5)  reimburse Plaintiffs for the costs they have incurred in bringing this action, together with their reasonable attorneys' fees and disbursements;

(6)  pay Plaintiffs' costs of corrective advertising;

(7)  change its corporate and legal name to one that does not incorporate the term ADVERTISE.COM, ADVERTISING.COM, AD.COM, or any terms confusingly similar thereto;

C.  Awarding Plaintiffs such other and further relief as this Court may deem equitable.

DATED: August 17, 2009

Respectfully Submitted,

AOL LLC and PLATFORM-A, INC.

By Counsel

*Jodie Herrmann*

Brian C. Riopelle (Va. Bar No. 36454)
Robert M. Tyler (VSB #37861)
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
Telephone:    (804) 775-1000
Facsimile:    (804) 775-1061

Jodie Herrmann (VSB #73035)
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102
Telephone:    (703) 712-5438
Facsimile:    (703) 712-5282

Lee J. Eulgen
Sarah E. Smith
Hillary I. Schroeder
NEAL, GERBER & EISENBERG LLP
2 N. LaSalle Street, Suite 1700
Chicago, Illinois 60602-3801
Telephone:    (312) 269-8000
Facsimile:    (312) 269-1747
*pro hac vice admission pending*

Attorneys for Plaintiffs
AOL LLC and PLATFORM-A, INC.