1  ANDREW SELESNICK (No. 160516)
   aselesnick@mrllp.com
2  TODD STITT, (No. 179694)
   tstitt@mrllp.com
3  TORIN A. DORROS (No. 191228)
   tdorros@mrllp.com
4  BRETT A. GARNER (No. 215043)
   bgarner@mrllp.com
5  MICHELMAN & ROBINSON, LLP
   15760 Ventura Boulevard, 5th Floor
6  Encino, California  91436
   Telephone:  818/783-5530
7  Facsimile:   818/783-5507

8  S. LLOYD SMITH, ESQ. (*Pro Hac Vice*)
   lloyd.smith@bipc.com
9  BUCHANAN INGERSOLL & ROONEY, PC
   1737 King Street, Suite 500
10 Alexandria, Va  22314-2727
   Telephone:  703/836- 6620
11 Facsimile:   703/836 2021

12 Attorneys for *ADVERTISE.COM, INC.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| ADVERTISE.COM, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AOL LLC, AOL ADVERTISING, INC. f/k/a PLATFORM-A, INC. and DOES 1-10,<br><br>Defendants.<br><br>AOL LLC, AOL ADVERTISING, INC. f/k/a PLATFORM-A, INC.,<br><br>Plaintiff,<br>v.<br><br>ADVERTISE.COM, INC. f/k/a INTERNEXT CORP.<br><br>Defendant. | Lead Case No.: 09-CV-5983-VBF-(CWx)<br><br>[Hon. Valerie Baker Fairbank]<br><br>Consolidated Case No. 09 CV-7374 VBF (CWx)<br><br>ADVERTISE.COM'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR (1) AN ORDER STAYING PRELIMINARY INJUNCTION PENDING APPEAL ON THE MERITS OF THE PRELIMINARY INJUNCTION; (2) IN THE ALTERNATIVE, AN ORDER STAYING PRELIMINARY INJUNCTION PENDING APPEAL OF DENIAL OF A STAY PENDING THE MERITS APPEAL; OR (3) IN THE ALTERNATIVE, AN ORDER ALLOWING TIME TO COMPLY WITH THE INJUNCTION |

1 Pursuant to Federal Rule of Evidence 201, Advertise.com, Inc. ("Advertise.com") hereby requests that this Court, in its consideration of Advertise.com's Motion, take judicial notice of the following documents:

    1.    Attached hereto as Exhibit 1 is a true and correct copy of an entry from the print version of *The American Heritage College Dictionary* (3d ed. 1993), containing a definition of the word "advertising."

    2.    Attached hereto as Exhibit 2 is a true and correct copy of an entry from the print version of *Webster's Third New International Dictionary Of The English Language Unabridged* (2002) containing a definition of the word "advertising."

    3.    Attached hereto as Exhibit 3 is a true and correct copy of an entry from the print version of *Merriam-Webster's Collegiate Dictionary* (10th ed. 1993) containing a definition of the word "advertising."

    4.    Attached hereto as Exhibit 4 is a true and correct copy of website print out dated January 10, 2010 from http://dictionary.com, containing the definition of ".com" from *The American Heritage New Dictionary of Cultural Literacy* (3d ed. 2005).

    5.    The Court may properly take judicial notice of Exhibits 1-4 and Exhibit 12 as dictionary definitions. *See, e.g.*, *Wilshire Westwood Assocs. v. Atl. Richfield Corp.*, 881 F.2d 801, 803 (9th Cir. 1989) (taking judicial notice of dictionary definitions for "fraction" and "petroleum"); *Comerica Bank v. Lexington Ins. Co.*, 3 F.3d 939, 944 (6th Cir. 1993) (approving of district court's taking judicial notice of dictionary definition); *Hancock v. Am. Steel & Wire Co. of New Jersey*, 203 F.2d 737, 740 (C.C.P.A. 1953) (court may take judicial notice of the ordinary and common meaning of words as provided in dictionary definitions).

    6.    Attached hereto as Exhibit 5 is a true and correct copy of United States Patent and Trademark Office ("USPTO") TARR record for Registration No. 3,719,189 for the standard character mark THE SUNDAY PAPER ADS.COM, and a true and correct copy of the USPTO Office Action issued March 26, 2008, regarding

1 Application Serial No. 77/356,163 for that mark.

2     7. Attached hereto as Exhibit 6 is a true and correct copy of USPTO TARR record for Application Serial No. 77/824,220 for the standard character mark THE SUNDAY PAPER ADS.COM, and a true and correct copy of the USPTO Office Action issued December 21, 2009, regarding Application Serial No. 77/824,220 for that mark.

    8. Attached hereto as Exhibit 7 is a true and correct copy of United States Patent and Trademark Office ("USPTO") TARR record for Registration No. 3,715,941 for the standard character mark THE SUNDAY PAPER ADS.COM LEAVE THE SEARCHING TO US, and a true and correct copy of the USPTO Office Action issued March 26, 2008, regarding Application Serial No. 77/356,159 for that mark.

    9. Attached hereto as Exhibit 8 are true and correct copies of United States Patent and Trademark Office ("USPTO") TARR records for Applicant Serial Nos. 76/095,176; 75/714,567; 75/861,740; 75/933,783; 76/056,684; 76/021,593.

    10. Judicial notice of Exhibits 5-8 is proper because they are public records of the USPTO, and courts may take judicial notice of the public records of administrative bodies. *See, e.g.*, *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) ("Courts may take judicial notice of some public records, including the records and reports of administrative bodies") (internal quotes omitted); *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 952 (taking judicial notice of administrative record showing detained alien received bond hearing); *Vitek Sys., Inc. v. Abbott Labs.*, 675 F.2d 190, 192 n.4 (8th Cir. 1982) (holding that the court may take judicial notice of PTO filings); *Transmission Agency v. Sierra Pac. Power Co.*, 295 F.3d 918, 924 n.3 (9th Cir. 2002) (taking judicial notice of FERC decision still subject to administrative and judicial review).

    11. Attached hereto as Exhibit 9 is a true and correct copy of an article titled "Around The Region," published in *Baltimore Sun* on November 21, 2009, and

1 | printed from Westlaw.

2 |     12. Attached hereto as Exhibit 10 is a true and correct copy of an article titled "Advertising.com, Inc.", published in *Hoover's In-Depth Company Records* on June 25, 2008, and printed from Westlaw.

    13. Attached hereto as Exhibit 11 is a true and correct copy of an article titled "AOL Inc.", *published in Hoover's In-Depth Company Records* on December 16, 2009, and printed from Westlaw.

    14. Judicial notice of Exhibits 9-11, all media articles, is proper "as an indication of what information was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 578 F.3d 1016, 1022 (9th Cir. 2009) (taking judicial notice of the fact that various newspapers, magazines, and books had published certain information). *See also Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice "that the market was aware of the information contained in news articles submitted by the defendants").

    15. Attached hereto as Exhibit 12 is a true and correct copy of an entry from the print version of *The American Heritage Dictionary of the English Language* (4th ed. 2006), containing a definition of the word "dot-com."

DATED: January 11, 2010.

                                              MICHELMAN & ROBINSON, LLP

                                              By:     /s/ Andrew H. Selesnick
                                                     ANDREW H. SELESNICK
                                                     TODD H. STITT
                                                     TORIN A. DORROS
                                                     BRETT A. GARNER

                                            Attorneys for ADVERTISE.COM, INC.