VENABLE LLP
Daniel S. Silverman (SBN 137864)
Brett A. Garner (SBN 215043)
Tamany Vinson Bentz (SBN 258600)
Email:    dssilverman@venable.com
          bagarner@venable.com
          tjbentz@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:   (310) 229-9900
Facsimile:   (310) 229-9901

Attorneys for  ADVERTISE.COM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVERTISE.COM, INC.<br><br>                    Plaintiff,<br><br>          v.<br><br>AOL INC., AOL ADVERTISING, INC., f/k/a PLATFORM-A, INC. and DOES 1-10<br><br>                    Defendants.<br><br>AOL INC, and AOL ADVERTISING INC.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>ADVERTISE.COM, INC. f/k/a INTERNEXT MEDIA CORP.,<br>                    Defendant. | CASE NO. Case No. CV 09-5983 VBF (CWx) Lead Case<br><br>Hon. The Honorable Carla Woehrle Courtroom<br><br>**[PROPOSED] SECOND AMENDED PROTECTIVE ORDER**<br><br><br><br><br><br>Consolidated with Case No. CV 09-7374 VBF (CWx) |

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

AOL Inc. and AOL Advertising, Inc. f/k/a Platform-A, Inc. ("AOL"), and Advertise.com, Inc. f/k/a Internext Media Corp. ("Advertise.com") (collectively referred to as the "Parties"), anticipate that the discovery process in this case will involve documents and other information containing trade secrets or other confidential research, development, or commercial information that may be subject to protection pursuant to Fed. R. Civ. P. 26(c)(7).

IT IS HEREBY ORDERED THAT:

1. A party or third party may designate any document, thing or information, including without limitation written discovery responses (collectively "material"), in whole or in part, as "Confidential" or "Confidential – Attorneys' Eyes Only" under the terms of this Order, if counsel for such party in good faith believes that such material contains or reveals information falling within the categories described below corresponding to such designations and could cause substantial harm to the producing party if disclosed to persons other than those designated in paragraphs 8 and 9 below.

(a) the designation "Confidential" may be used for any non-public confidential, proprietary, commercially-sensitive, or trade secret information; and

(b) the designation "Confidential – Attorneys' Eyes Only" shall be reserved for especially sensitive or confidential materials – namely computer programs, databases and source code; business financial information; marketing strategies; marketing expenditures; client lists; business forecasts; business plans and strategies and research regarding marketing and consumer behavior.

Such designation shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other information in a conspicuous manner. If it is not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked.

[PROPOSED] SECOND AMENDED PROTECTIVE ORDER

The marking shall state: "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or a substantially similar legend (hereinafter "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as applicable). Nothing in this paragraph shall be construed as an express or implied agreement by the non-producing party that material designated as "Confidential" or "Confidential-Attorneys Eyes Only" is confidential. However, material so designated shall be treated in accordance with its designation, unless the non-producing party challenges the designation under Paragraph 7, below.

2. In lieu of marking the original of a document or the original of other material CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY prior to inspection, the producing party or its counsel may orally designate any document or other material being produced for inspection by counsel for a party as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, thereby making it, and the information it contains, temporarily subject to this Order. However, each copy of such document or other material must be marked by the producing party as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY as required by this Order at the time it is subsequently delivered to receiving counsel in order to make the document and copies subject to this Order; provided, however, that all documents shall be deemed CONFIDENTIAL – ATTORNEYS' EYES ONLY and temporarily subject to this Order for seven (7) days from such delivery to permit the producing party to correct any inadvertent failure to mark delivered documents.

3. Information disclosed at a deposition may be designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY under the following circumstances: (a) by indicating on the record during the deposition that the testimony is CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY and subject to the provisions of this Order, in which case the court reporter will be directed to produce a separate, confidential transcript or to indicate on the

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

caption page of the transcript that some or all of its contents are governed by this Order and by marking such pages containing CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY; or (b) within seven (7) days following receipt of the transcript by counsel for the designating party, by notifying all parties in writing of the specific pages of the transcript that are to be treated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY thereafter.

4.      Party Customer Communication. To the extent any documents or information is identified as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY, or subject to this Order, and contains identifying and/or contact information of a party's customers and/or clients ("Customers"), notwithstanding the protections and requirements provided under the Federal Rules of Civil Procedure, no person, inclusive of counsel, shall issue or serve upon, or send to, a Customer, a deposition or document subpoena, or otherwise demand a Customer to appear to testify, or provide documents, for purposes of, or relative to, this litigation, without at least five (5) business days prior written notice to counsel of the respective other party before serving the Customer. Notice of the Customer subpoenas contemplated in this paragraph shall be effective upon receipt between 9:00 a.m. and 5:00 p.m. PST. Service upon counsel of such notice by electronic mail (e-mail) shall constitute proper and sufficient service.

5.      The inadvertent or unintentional disclosure by the producing party of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information, either by way of document production or deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.  Any such

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

inadvertently or unintentionally disclosed CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information not designated as such pursuant to paragraphs 1 through 4 shall be so designated, by giving written notice to all parties, as soon as reasonably possible after the producing party becomes aware of the inadvertent or unintentional disclosure. Upon such notice, and receipt of substitute copies bearing the appropriate confidentiality legend, the receiving party shall return said documents and things and not retain copies thereof, and shall thereafter treat information contained in said documents and any summaries or notes thereof as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, as designated by the producing party, except to the extent such information has already been publicly disclosed, such as in a court filing.

6.     If, in connection with this litigation any Party discloses information subject to a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection provided ("Protected Information"), pursuant to Federal Rule of Evidence 502, the disclosure of such information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the producing party would otherwise be able to assert with respect to the Protected Information and its subject matter. If a claim of privilege is made by a producing party with respect to Protected Information, the receiving party shall, within five (5) business days, return or destroy all copies of the Protected Information and provide a certification of counsel that all such Protected Information has been returned or destroyed. If the receiving party believes that it has received Protected Information, the receiving party shall notify the producing party within five (5) business days of the receipt of such information. The receiving party shall, within ten (10) business days, return or destroy all copies of the Protected Information and provide a certification of counsel that all such Protected Information has been returned or destroyed. The receiving party may request that the producing party produce a privilege log with respect to Protected

[PROPOSED] SECOND AMENDED PROTECTIVE ORDER

Information, which the producing party shall produce within ten (10) business days of any such request. Any motion compelling production of Protected Information shall be filed under seal and shall not assert as a ground for its motion the fact or circumstance of the disclosure of the Protected Information. Nothing in this paragraph shall limit the right of any party to petition the Court for an in camera review of Protected Information.

7. Nothing in this Order shall be construed to prevent a party to this action at any time from opposing the designation of materials as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY. A party opposing the designation of materials as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall serve a written objection, including a statement of the grounds for the objection, on the designating party. The designating party will have ten (10) days following the receipt of the objection to withdraw its CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY designation. If the CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY designation is not withdrawn, the objecting party may move the Court for an order removing the CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY designation. The designating party has the burden of proof to establish the confidentiality of the CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information.

8. "Confidential" Material – Material designated "Confidential" may only be disclosed, summarized, described, or otherwise communicated or made available in whole or in part, for the purposes set forth above, to the following persons:

a. attorneys of Venable LLP, Jenner & Block LLP, Neal, Gerber & Eisenberg, LLP; Mitchell, Silberberg & Knupp LLP; Williams & Connolly LLP; Buchanan Ingersoll & Rooney PC; and Howard Rice Nemerovski Canady Falk & Rabkin, A Professional Corporation; and their respective

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

vendors.

b.      AOL's and Advertise.com's respective in-house legal staff (including attorneys, secretaries, legal assistants, and clerks) with the exception of AOL's in-house "point-of-contact" attorney assigned to the Advertising.com business unit;

c.      no more than five (5) employees of each of the parties ("Party Representative"), as necessary to provide assistance in the conduct and evaluation of this Action, provided that each Party Representative shall be identified by delivering to the Producing Party the name and position of the Party Representative in writing at least five (5) business days prior to such disclosure.  If, within five (5) business days following receipt of such written identification, the Producing Party objects to such disclosure, the Party seeking disclosure must seek relief from the Court, either following Local Rule 7-19 or Local Rule 37.  No disclosure shall be made to that Party Representative until the Court has ruled.

d.      The employees of counsel listed in 8(a) above (including partners, secretaries, legal assistants, and clerks) actually assisting such counsel in preparation of this case; provided, however, that such employees have access to CONFIDENTIAL material only to the extent necessary to perform their duties;

e.      Non-party experts or consultants retained to assist counsel of record in this case, subject to compliance with paragraph 10(a) below;

f.      Court reporters involved in transcribing depositions or other proceedings in this litigation, provided that they agree to be subject to the terms of this Order and provided that they are provided CONFIDENTIAL information only to the extent necessary to perform the transcription;

g.      Persons who were the author of or are shown to have lawfully received a copy of the Confidential information;

V E N A B L E  L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

h.　　The Court;

i.　　Court personnel involved with this case; and

j.　　Members of the jury, if any, in this case.

9.　　"Confidential – Attorneys' Eyes Only" Material.  Material designated "Confidential – Attorneys' Eyes Only" may be disclosed to only persons qualifying under paragraphs 8(a), 8(d), 8(e), 8(f), 8(g), 8(h), 8(i), or 8(j), and the following members of the AOL in-house legal department: Jeffrey Novak; Maureen Del Duca, Christopher Day, Sarah Harris, Anne Cornelius, Courtney Barton, Marissa Gahafer, (and their individual secretaries and legal assistants provided, however, that such support staff have access to CONFIDENTIAL – ATTORNEYS' EYES ONLY material only to the extent necessary to perform their duties) (collectively, the "AOL AEO In-House Counsel").  Party Representatives designated in paragraph 8(c) shall not receive access to or disclosure of CONFIDENTIAL – ATTORNEYS' EYES ONLY material, absent the written consent of the producing party or order of the Court.

10.　　(a)　　Prior to disclosing any material designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY to any person described in Paragraph 8(e) above, a party shall provide a written identification of any such person to the opposing party, setting forth the name of the person, his or her occupation, business address, and a curriculum vitae.  The parties shall be allowed to disclose materials designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY to such persons unless, within seven (7) days after the identification of the retained person has been provided to the opposing party, the opposing party objects to the disclosure of materials designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY to the particular person.  If objection to disclosure is made within the seven (7) days, the objecting party shall, no later than three (3) days after objection, comply with either Local Rule 7-19 or Local Rule 37.  If an objection is made and

[PROPOSED] SECOND AMENDED PROTECTIVE ORDER

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

the objecting party petitions the Court for an order prohibiting the disclosure at issue, no materials designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be made available to the particular person until after the Court rules that disclosure can be made. If the objecting party fails to timely petition the Court for an order prohibiting the disclosure at issue, then materials designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY may be made available to the particular person. Notwithstanding anything contained in this Order, discovery of experts will be governed by Federal Rule of Civil Procedure 26(b)(4).

(b)     All persons authorized by Paragraph 8(e) above to have access to material designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY must sign an Undertaking in the form of Exhibit A attached to this Order before gaining access to such material or information.

11.     Each recipient of the CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material shall maintain such material in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody, use and dissemination of such material as is exercised by the recipient with respect to its own confidential and proprietary material. CONFIDENTIAL - ATTORNEYS' EYES ONLY material stored at AOL is to be segregated from other produced documents, password protected, and only accessible to the AOL AEO In-House Counsel.

12.     Except upon consent of the designating party or upon order of the Court, any and all CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY materials produced, served or otherwise made available by the designating party to another party during the course of this action, together with all reproductions, copies, abstracts, indices, or summaries of those materials, shall be used only for preparation and presentation of this action and for no other purpose whatsoever.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

13.     Any papers filed with the Court that contain or reveal materials designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be filed with an application to have the documents filed under seal in accordance with the procedures outlined in the Local Rules and shall not be publicly disclosed, except upon consent of the designating party or upon further order of the Court.

14.     Within sixty (60) days after final determination of this action, all materials designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY that have been served or otherwise made available by the designating party to another party during the course of this action, together with all reproductions, copies, abstracts, indices, summaries or any other embodiment of those materials, shall be destroyed or delivered to counsel for the designating party.  Notwithstanding the above or the Undertaking in Exhibit A, counsel designated under paragraph 8(a) above may retain one copy of such material to maintain a complete file of the litigation; provided, however, that all further copies of CONFIDENTIAL and CONFIDENTIAL – ATTORNEYS' EYES ONLY documents of the designating party shall be destroyed or delivered to counsel for the designating party.

15.     If material or information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the opposing party and the designating party, and without prejudice to the rights and remedies of the designating party, make every effort to prevent further unauthorized disclosure on its own part or on the part of the recipient of such information or material.

16.     Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product

doctrine, or materials that are otherwise beyond the scope of permissible discovery.

17.    Nothing in this Order shall be construed to prevent a party or third party from seeking such further provisions regarding confidentiality, as may be appropriate.

18.    Nothing in this Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

19.    Nothing in this Order shall be construed to restrict a designating party in its use of its own CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY materials.

20.    This Order shall remain in effect after the final determination of this action, unless otherwise ordered by the Court.

**IT IS SO ORDERED**,

Dated:  July 26, 2011


_____/s/_____

The Honorable Carla Woehrle

UNITED STATES MAGISTRATE JUDGE

[PROPOSED] SECOND AMENDED PROTECTIVE ORDER

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

# EXHIBIT A

I, _____, declare and say that:

1.     I live at _____. I am employed as [state position] _____ by [state name and address of employer] _____.

2.     I have read the Protective Order entered in <u>ADVERTISE.COM, INC. v. AOL INC., AOL ADVERTISING, INC. f/k/a PLATFORM-A, INC.</u>, Case No. CV09-5983 VBF (CWx); and <u>AOL INC. and AOL ADVERTISING INC., f/k/a/ Platform-A, Inc. v. ADVERTISE.COM, INC. f/k/a InterNext Media Corp.</u>, Case No. CV 09-7374 VBF (CWx) and a copy of Protective Order has been given to me.

3.     I agree to be bound by the terms of the Protective Order and agree that any CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material within the meaning of the Protective Order will be used by me only in connection with the furtherance of the above-referenced litigation.

4.     I agree that I will not disclose or discuss CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material with anyone other than the persons allowed access to such CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material as set forth in Paragraphs 8 and 9 of the Order.

5.     I understand that any disclosure or use of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of the Court's Order.

6.     I agree to return all CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material to counsel who provided it to me upon the conclusion of this action.

7.     I agree to be subject in person to the rules and jurisdiction of this Court in connection with any proceeding relating to the enforcement of the

[PROPOSED] SECOND AMENDED PROTECTIVE ORDER

Protective Order.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed this _____ day of _____ 20__, at _____ [location].


_____
[NAME]

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900